IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA )
)
v )      CR. NO. 2:07MJ108-TFM
)
TIMOTHY DEAN THOMPSON )

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, a detention hearing was

held on December 2, 2008, pursuant to the Government's Oral Motion for Detention. Based

upon consideration of the evidence presented, the Court concludes that the defendant should

be detained pending trial in this case.

## Part I - Findings of Fact

The Grand Jury for the District of Wyoming returned an indictment against the

defendant which alleges that defendant Thompson ("Thompson"), who was determined to

be a credible threat to the person of his intimate partner, and thereby restrained from any

conduct to harass his intimate partner, knowingly possessed firearms which had previously

traveled in and affected interstate commerce, in violation of 18 U.S.C. §§ 922(g)(8) and

924(a)(2). Thus, probable cause exists to believe the defendant is a threat to the safety of

his intimate partner. Thompson testified during the hearing about the conduct which

culminated in the indictment at hand. Thompson testified he spent the night with S.R., his

intimate partner. According to Thompson, S.R. told him to leave her house the next day as

part of a plan to get back at him for dating other women. Thompson said he took 2 firearms

1

when he left  the residence and hid the firearms on S.R.'s land. Thompson said he told the police he was unaware of the restraining order until shortly before S.R. called the police to evict him from her home.  Thompson admitted he was also the subject of a similar North Dakota restraining order related to another woman.  After the North Dakota restraining order was in place, Thompson came to Wyoming.  After the incident leading to the indictment at hand, Thompson came to Wedowee, Alabama where he has family members.

The defendant poses a risk of flight and a danger to the community if released pending trial.  No condition or combination of conditions will reasonably assure the presence of the defendant at all further proceedings and the safety of the community.

## Part II - Written Statement of Reasons for Detention

The Court does not find Thompson credible.  The Court finds Thompson had no other reason to possess the firearms at the home of S.R. other than to intimidate S.R.  The Court credits the testimony of Special Agent Timothy Fitzpatrick that Thompson told the arresting officers he knew about the restraining order when he went to S.R.'s home.  The Court is well aware that domestic violence situations are generally episodic and often sporadic.  However, Thompson has a history of domestic  incidents leading to the imposition of restraining orders. In fact, Thompson was the subject of two Wyoming restraining orders pertaining to S.R. After each incident, Thompson went to other states.  Despite his knowledge of the restraining orders, Thompson continued to associate with S.R. After observing Thompson's demeanor in court, and learning of his behavior while subject to court orders, the Court has no reason to believe Thompson would have regard and respect for any conditions which the Court

2

might fashion to offset his risk of flight or danger to the community.

The Court finds that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence the defendant is likely to flee or pose a danger to the community if released pending trial. The Court determines it cannot fashion means short of incarceration pending trial to protect the community or to ensure Thompson's appearance for all future proceedings.

## Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Done on January 3, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE